IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CYNTHIA DELOIS PACE                                                                              PLAINTIFF

vs.                                           Civil No. 4:13-cv-04072

CAROLYN W. COLVIN                                                                              DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Cynthia Delois Pace ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed an application for DIB on October 4, 2008. (Tr. 186-189). Plaintiff alleged she was disabled due to her back, shoulder, eyesight, and heart problems. (Tr. 208). Plaintiff alleged an onset date of October 7, 2008. (Tr. 208). This application was denied initially and again upon reconsideration. (Tr. 93-95, 98-99). Thereafter, Plaintiff requested an administrative hearing on her application and this hearing request was granted. (Tr. 100).

Plaintiff's initial administrative hearing was held on January 12, 2011. (Tr. 22-32).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

Following the hearing, on February 23, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 55-84). On May 1, 2012, the Appeals Council remanded the decision tho the ALJ for further proceedings. (Tr. 89-91).

Plaintiff's second administrative hearing was held on December 5, 2012. (Tr. 33-49). Plaintiff was present and was represented by counsel, Michael Angel, at this hearing. *Id.* At the time of this hearing, Plaintiff was fifty-seven (57) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e), and had an eleventh grade education. (Tr. 24).

On December 21, 2012, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 10-17). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2012. (Tr. 12, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 7, 2008. (Tr. 12, Finding 2).

The ALJ determined Plaintiff had the severe impairments of history of left shoulder and right shoulder tendinopathy. (Tr. 12, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 15-16). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform light work except she can only occasionally reach overhead. (Tr. 15, Finding 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 17, Finding 6). The

ALJ found Plaintiff able to perform her PRW as a janitor. *Id.* The ALJ then determined Plaintiff had not been under a "disability," as defined by the Act, from October 7, 2008 through the date of his decision. (Tr. 17, Finding 7).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 5). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On August 1, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 20, 2013. ECF No. 8. Both Parties have filed appeal briefs. ECF Nos. 14, 15. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of

proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by

substantial evidence in the record. ECF No. 14, Pg. 7-15. Specifically, Plaintiff claims the ALJ erred: (1) in relying upon VE testimony that conflicts with the DOT, (2) in failing to properly review Plaintiff's alleged severe impairments, and (3) in failing to fully evaluate Plaintiff's mental impairment as required by the Appeals Council remand. *Id.* In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 15. Because this Court finds the ALJ erred in failing to properly evaluate Plaintiff's mental impairment and prepare a Psychiatric Review Technique analysis, this Court will only address this issue.

Following Plaintiff's December 5, 2012 hearing, ALJ determined Plaintiff was not disabled. Subsequently, the Appeal's Counsel reversed ALJ decision and issued a Remand Order on May 1, 2012. (Tr. 89-91). The Remand Order assigned the case to a new ALJ and instructed the new ALJ to further evaluate claimant's mental impairments. *Id.* Specifically, the Order instructed the ALJ to "evaluate the claimant's mental impairments in accordance with the special technique described in 20 C.F.R § 404.1520a, documenting application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas in 20 C.F.R. §404.1520a(c)." (Tr. 90).

A Psychiatric Review Technique analysis is required to be conducted and documented at each level of the review process, including the ALJ level. *See* 20 C.F.R. § 404.1520a(a)-(e). This involves a determination of whether there is a mental impairment followed by a rating of the degree of functional limitation resulting from the mental impairment. This must be conducted at all levels of the application process, beginning with the initial and reconsideration levels. *Id.* At these levels, the Psychiatric Review Technique must be documented by completion of a standard form. The Psychiatric Review Technique must also be conducted and documented at the ALJ and Appeals

Council levels; however, at these levels, it is permissible for the analysis to be included within the written decision such that the use of a written form is not required. *Id.*

The ALJ did not properly apply the techniques described in 20 C.F.R. §404.1520a. The ALJ's decision included no specific findings or rationale for the functional areas described in 20 C.F.R. §404.1520a(c). This section requires the ALJ to rate the degree of claimant's functional limitation in the following four broad functional areas: (1) Activities of daily living; (2) Social functions; (3) Concentration, persistence, or pace; and (4) Episodes of decompensation. Instead, the ALJ gave the following cursory explanation:

> "Because the claimant's medically determinable mental impairment causes no more than 'mild' limitation in any of the first three function functional areas and 'no' episodes of decompensation which have been of extended duration of the forth area, it is non-severe."

The ALJ did not prepare or utilize a Psychiatric Review Technique. This failure was error. This matter is remanded for further review because no Psychiatric Review Technique analysis was conducted.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **29th day of April 2014.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE